UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BCFG Investors Group, LLC,

    Debtor.
_____/

Case No. 17-20562-BKC-LMI
Chapter 7

Soneet Kapila, Chapter 7 trustee,

    Plaintiff,

v.

Alejandro Chaberman,

    Defendant.
_____/

## COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS

Soneet Kapila, Chapter 7 trustee of the bankruptcy estate of BCFG Investors Group, LLC, sues Alejandro Chaberman and alleges as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to *Fed. R. Bank. P.* 7001, 11 U.S.C. § 544, Chapter 726, Fla. Stat., and other applicable law.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

5.  Plaintiff is the duly appointed Chapter 7 trustee of the bankruptcy estate of BCFG.

6.  Chaberman is a Florida resident. Chaberman is the former manager and 50% equity member of BCFG.

**GENERAL ALLEGATIONS**

7.  On August 21, 2017 (the "*Petition Date*"), BCFG filed a voluntary petition under Chapter 11 of the United States Code

8.  The filing of the petition was in response to a proceedings supplementary action pursued in state court by one of BCFG's creditors against non-party Elias Benaim and Chaberman.

9.  Prior to the Petition Date, BCFG was primarily in the business of carpentry and custom millwork.

10. The internal controls of BCFG were substantially non-existent and management of the company – through its managers Chaberman and Benaim – was done in a haphazard and disorganized manner.

11. In addition, while it was operating, BCFG experienced significant cash flow difficulties. From at least January 1, 2013 up until the Fall of 2015, BCFG routinely overdrew its operating bank accounts, bounced checks and had insufficient assets to meet its day-to-day obligations.

12. In an attempt to alleviate this financial crunch, BCFG also relied upon high interest rate loans. These loans, however, just further exacerbated the company's financial problems.

13. Notwithstanding the precarious financial state of BCFG, Chaberman made significant withdrawals from BCFG's accounts for his personal benefit:

a. On May 7, 2014, Chaberman withdrew $80,000 from a BCFG bank account ("$80,000 Transfer"). At the time of such withdrawal, BCFG had no recorded liability to Chaberman in such amount.

b. On April 2, 2014, Chaberman transferred $100,000 from a BCFG bank account to his personal bank account ("$100,000 Transfer"). At the time of such transfer, BCFG had no recorded liability to Chaberman in such amount.

c. On June 8, 2015, Chaberman transferred $5,000 from a BCFG bank account to his personal bank account ("$5,000 Transfer"). At the time of such transfer, BCFG had no recorded liability to Chaberman in such amount.

14. Chaberman also effectuated the following transfers from BCFG's bank accounts to a British Virgins Island entity called Sukoby Rose Limited, an entity owned by one or more of his wife's family members and which BCFG had no recorded obligation owing to it (collectively, the "Sukoby Rose Transfers"):

a. July 10, 2014 in the amount of $10,000;

b. July 22, 2014 in the amount of $1,745;

c. September 3, 2014 in the amount of $10,000;

d. October 31, 2014 in the amount of $3,490;

e. December 8, 2014 in the amount of $8,490;

f. February 9, 2015 in the amount of $8,490;

g. April 14, 2015 in the amount of $2,078.13;

h. June 2, 2015 in the amount of $3,490; and

i. June 2, 2015 in the amount of $7,875.

3

15. Upon information and belief, Chaberman effectuated the Sukoby Rose Transfers to repay a personal debt which he owed to his wife's family members.

16. Finally, upon information and belief, Chaberman elected to not be a W-2 employee of BCFG, but rather, received any compensation from BCFG pursuant to Form K-1. To that end, BCFG made distributions to Chaberman from the period of January, 2013 through July, 2015 as set forth on **Schedule 1** ("Insider Distributions").

17. BCFG effectively ceased operations in the Fall of 2015.

18. Although BCFG ceased operating, it still had outstanding obligations that remained unpaid. One obligation related to a lawsuit filed in 2015 for significant unlicensed and defective construction work provided by BCFG in or about 2012 to Joseph and Francoise DiBella. Another obligation was a money judgment owed to Steve Balaam in the amount of $159,188.37. Balaam's judgment arose from litigation filed against BCFG for defective construction work in March 2015 based on BCFG breaching a contractual agreement entered into September of 2014.

19. The books and records of BCFG are incomplete and in disarray. Upon information and belief, Chaberman effectuated additional transfers during the time period of January 1, 2013 to the Fall of 2015 from BCFG's accounts that were improper and the Trustee reserves the right to amend this complaint to add such additional transfers upon discovery.

## COUNT 1
**Avoidance and Recovery of the $80,000 Transfer, the $100,000 Transfer, the $5,000 Transfer and the Sukoby Rose Transfers – 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(a)**

20. The Trustee incorporates by references and realleges paragraphs 1 through 19 as if fully set forth herein.

21. BCFG made the $80,000 Transfer, the $100,000 Transfer, the $5,000 Transfer and the Sukoby Rose Transfers with the intent to delay, hinder or defraud its creditors.

4

22. BCFG made the $80,000 Transfer, the $100,000 Transfer, the $5,000 Transfer and the Sukoby Rose Transfers to or for the benefit of Chaberman.

### COUNT 2
### Avoidance and Recovery of the $80,000 Transfer, the $100,000 Transfer, the $5,000 Transfer and the Sukoby Rose Transfers – 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(b)

23. The Trustee incorporates by references and realleges paragraphs 1 through 19 as if fully set forth herein.

24. BCFG made the $80,000 Transfer, the $100,000 Transfer, the $5,000 Transfer and the Sukoby Rose Transfers within four years of the Petition Date.

25. BCFG made the $80,000 Transfer, the $100,000 Transfer, the $5,000 Transfer and the Sukoby Rose Transfers to or for the benefit of Chaberman.

26. At the time of the $80,000 Transfer, the $100,000 Transfer, the $5,000 Transfer and the Sukoby Rose Transfers, BCFG (i) was engaged in, or was about to engage in, a business or a transaction for which the remaining assets were unreasonably small in relation to the business or transaction or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to repay. In particular, BCFG's business operations required cash assets to pay employees, high interest rate lenders, trade creditors and vendors along with maintaining a sufficient cash reserves in the event of client disputes or non-payment or other obligations. By removing cash assets to pay the $80,000 Transfer, the $100,000 Transfer, the $5,000 Transfer and the Sukoby Rose Transfers, BCFG had insufficient assets to account for such obligations.

## COUNT 3
### Avoidance and Recovery of the Insider Distributions – 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(a)

27. The Trustee incorporates by references and realleges paragraphs 1 through 19 as if fully set forth herein.

28. BCFG made the Insider Distributions with the intent to delay, hinder or defraud its creditors.

29. The Insider Distributions were made to Chaberman as identified in **Schedule 1**.

## COUNT 4
### Avoidance and Recovery of the Insider Distributions during the Four Year Period – 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(b)

30. The Trustee incorporates by references and realleges paragraphs 1 through 19 as if fully set forth herein.

31. As set forth on **Schedule 1**, BCFG made some of the Insider Distributions within four years of the Petition Date ("Four Year Insider Distributions").

32. The Four Year Insider Distributions were made to Chaberman.

33. At the time of the Four Year Insider Distributions, BCFG (i) was engaged in, or was about to engage in, a business or a transaction for which the remaining assets were unreasonably small in relation to the business or transaction or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to repay. In particular, BCFG's business operations required cash assets to pay employees, high interest rate lenders, trade creditors and vendors along with maintaining a sufficient cash reserves in the event of client disputes or non-payment or other obligations. By removing cash assets to pay the Four Year Insider Distributions, BCFG had insufficient assets to account for such obligations.

## COUNT 5
**Avoidance and Recovery of the $100,000 Transfer, the $80,000 Transfer, the $5,000 Transfer, the Sukoby Rose Transfers and the Four Year Insider Distributions - 11 U.S.C. § 544 and Fla. Stat. § 726.106(1)**

34. The Trustee realleges the allegations set forth in paragraphs 1 through 19, and incorporates those allegations by reference.

35. BCFG made the $100,000 Transfer, the $80,000 Transfer, the $5,000 Transfer, the Sukoby Rose Transfers and the Four Year Insider Distributions (collectively, the "Fraudulent Transfers") to or for the benefit of Chaberman within four years of the Petition Date.

36. BCFG made the Fraudulent Transfers to or for the benefit of Chaberman without receiving reasonably equivalent value in exchange for such Fraudulent Transfers.

37. Upon information and belief, BCFG was insolvent at the time of the Fraudulent Transfers, or became insolvent as a result of the Fraudulent Transfers. Based on BCFG's books and records, the company was routinely under-financed as a result of minimal cash resources to meet its liabilities, including those associated with litigation claims brought against it due to shoddy or unlicensed work.

38. At the time of each of the Fraudulent Transfers, BCFG had at least one unsecured creditor that could have avoided such transfer(s).

## PRAYER FOR RELIEF

With respect to the claims set forth in this complaint, the Trustee requests the Court:

(A) As to Counts 1 and 2, enter judgment against Chaberman and avoiding the $80,000 Transfer, the $100,000 Transfer, the $5,000 Transfer and the Sukoby Rose Transfers made to or for his benefit;

(B) As to Count 3, enter judgment against Chaberman and avoiding the Insider Distributions;

(C) As to Count 4, enter judgment against Chaberman and avoiding the Four Year Insider Distributions;

(D) As to Count 5, enter judgment against Chaberman and avoiding the Fraudulent Transfers;

(E) As to all Counts, award pre and post judgment interest, costs, and reasonable attorneys' fees, if applicable; and

(F) Award such other and further relief the Court deems just and proper.

Dated:  August 20, 2019

PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
283 Catalonia Avenue, Suite 200
Miami, Florida 33134
Telephone: 305.377.0086
Facsimile: 305.377.0781
By: /s/ Jonathan S. Feldman
Jonathan S. Feldman
Florida Bar No. 12682
jfeldman@pbyalaw.com
*Attorneys for Plaintiff*

## SCHEDULE 1 - INSIDER DISTRIBUTIONS

| Date | Amount | Check No. | Account | Recipient |
|---|---|---|---|---|
| 1/7/2013 | 2,300.00 | 913 | Citi | Chaberman |
| 1/30/2013 | 2,300.00 | 1097 | Citi | Chaberman |
| 2/7/2013 | 1,700.00 | 949 | Citi | Chaberman |
| 2/15/2013 | 2,300.00 | 983 | Citi | Chaberman |
| 2/15/2013 | 1,400.00 | 1100 | Citi | Chaberman |
| 2/15/2013 | 400.00 | 1099 | Citi | Chaberman |
| 2/21/2013 | 700.00 | 993 | Citi | Chaberman |
| 2/28/2013 | 2,000.00 | 998 | Citi | Chaberman |
| 3/1/2013 | 1,000.00 | 1019 | Citi | Chaberman |
| 3/6/2013 | 2,500.00 | 1023 | Citi | Chaberman |
| 3/22/2013 | 1,832.00 | 1090 | Citi | Chaberman |
| 3/22/2013 | 1,300.00 | 1043 | Citi | Chaberman |
| 3/29/2013 | 1,000.00 | 1082 | Citi | Chaberman |
| 4/5/2013 | 1,500.00 | 1078 | Citi | Chaberman |
| 4/12/2013 | 600.00 | 1113 | Citi | Chaberman |
| 4/19/2013 | 500.00 | 1122 | Citi | Chaberman |
| 5/9/2013 | 600.00 | 1156 | Citi | Chaberman |
| 5/10/2013 | 5,500.00 | 1157 | Citi | Chaberman |
| 5/10/2013 | 500.00 | 1355 | Citi | Chaberman |
| 5/10/2013 | 600.00 | 1353 | Citi | Chaberman |
| 5/10/2013 | 500.00 | 1352 | Citi | Chaberman |
| 5/10/2013 | 600.00 | 1354 | Citi | Chaberman |
| 5/10/2013 | 600.00 | 1158 | Citi | Chaberman |
| 5/15/2013 | 5,000.00 | 1166 | Citi | Chaberman |
| 5/17/2013 | 1,000.00 | 1356 | Citi | Chaberman |
| 5/17/2013 | 1,900.00 | 1357 | Citi | Chaberman |
| 5/17/2013 | 2,000.00 | 1177 | Citi | Chaberman |
| 5/17/2013 | 2,500.00 | 1179 | Citi | Chaberman |
| 5/23/2013 | 1,600.00 | 1340 | Citi | Chaberman |
| 5/30/2013 | 1,000.00 | 1341 | Citi | Chaberman |
| 5/31/2013 | 2,700.00 | 1349 | Citi | Chaberman |
| 6/7/2013 | 1,000.00 | 1216 | Citi | Chaberman |
| 6/7/2013 | 1,000.00 | 1217 | Citi | Chaberman |
| 6/15/2013 | 1,500.00 | 1350 | Citi | Chaberman |
| 6/19/2013 | 1,500.00 | 883 | Citi | Chaberman |
| 7/12/2013 | 1,500.00 | 1004 | Citi | Chaberman |
| 7/15/2013 | 1,000.00 | 1010 | Citi | Chaberman |
| 9/7/2013 | 1,500.00 | 1324 | Citi | Chaberman |
| 9/20/2013 | 1,000.00 | 1294 | Citi | Chaberman |
| 9/27/2013 | 700.00 | 1558 | Citi | Chaberman |
| 10/9/2013 | 3,000.00 | 2090 | Citi | Chaberman |
| 10/18/2013 | 1,500.00 | 2092 | Citi | Chaberman |
| 10/25/2013 | 5,500.00 | 2180 | Citi | Chaberman |
| 11/1/2013 | 5,500.00 | 1008 | Citi | Chaberman |
| 11/1/2013 | 500.00 | 1009 | Citi | Chaberman |
| 12/13/2013 | 750.00 | 1045 | Citi | Chaberman |
| 1/20/2014 | 542.77 | 1114 | Citi | Chaberman |
| 2/3/2014 | 500.00 | 1117 | Citi | Chaberman |
| 2/3/2014 | 1,000.00 | 1122 | Citi | Chaberman |

## SCHEDULE 1 - INSIDER DISTRIBUTIONS

| Date | Amount | Check No. | Account | Recipient |
|---|---|---|---|---|
| 2/4/2014 | 642.83 | 1127 | Citi | Chaberman |
| 2/7/2014 | 800.00 | 1132 | Citi | Chaberman |
| 2/7/2014 | 1,000.00 | 1053 | Citi | Chaberman |
| 2/18/2014 | 2,500.00 | 1060 | Citi | Chaberman |
| 3/11/2014 | 151.87 | 1144 | Citi | Chaberman |
| 3/13/2014 | 2,400.00 | 1146 | Citi | Chaberman |
| 3/17/2014 | 542.37 | 1147 | Citi | Chaberman |
| 4/1/2014 | 5,000.00 | 99 | BBT | Chaberman |
| 4/11/2014 | 1,900.00 | 1012 | BBT | Chaberman |
| 5/2/2014 | 2,000.00 | 1200 | Citi | Chaberman |
| 5/9/2014 | 4,375.00 | 1213 | Citi | Chaberman |
| 5/9/2014 | 3,000.00 | 1213 | Citi | Chaberman |
| 5/16/2014 | 1,875.00 | 1230 | Citi | Chaberman |
| 5/21/2014 | 542.37 | 1240 | Citi | Chaberman |
| 5/22/2014 | 2,250.00 | 1247 | Citi | Chaberman |
| 6/27/2014 | 2,000.00 | 1011 | BBT | Chaberman |
| 7/1/2014 | 500.00 | Blank | Wells Fargo | Chaberman |
| 7/5/2014 | 1,000.00 | 1013 | BBT | Chaberman |
| 8/22/2014 | 3,125.00 | 2138 | Citi | Chaberman |
| 8/29/2014 | 3,125.00 | 2143 | Citi | Chaberman |
| 9/12/2014 | 3,125.00 | 2153 | Citi | Chaberman |
| 9/18/2014 | 2,134.78 | 2163 | Citi | Chaberman |
| 9/19/2014 | 625.00 | 2166 | Citi | Chaberman |
| 9/24/2014 | 3,000.00 | 2173 | Citi | Chaberman |
| 10/10/2014 | 3,125.00 | 2185 | Citi | Chaberman |
| 10/31/2014 | 3,125.00 | 2189 | Citi | Chaberman |
| 11/19/2014 | 3,125.00 | 1148 | Wells Fargo | Chaberman |
| 11/26/2014 | 3,125.00 | 1151 | Wells Fargo | Chaberman |
| 12/5/2014 | 3,125.00 | 2211 | Citi | Chaberman |
| 12/18/2014 | 3,125.00 | 2400 | Citi | Chaberman |
| 12/22/2014 | 3,125.00 | 2222 | Citi | Chaberman |
| 12/24/2014 | 3,125.00 | 2236 | Citi | Chaberman |
| 1/6/2015 | 3,125.00 | 2248 | Citi | Chaberman |
| 1/15/2015 | 3,125.00 | 2268 | Citi | Chaberman |
| 1/15/2015 | 875.00 | 2268 | Citi | Chaberman |
| 1/20/2015 | 1,107.00 | 2264 | Citi | Chaberman |
| 1/24/2015 | 3,125.00 | 2274 | Citi | Chaberman |
| 2/6/2015 | 3,125.00 | 2276 | Citi | Chaberman |
| 2/12/2015 | 3,125.00 | 2286 | Citi | Chaberman |
| 2/27/2015 | 3,125.00 | 2300 | Citi | Chaberman |
| 3/5/2015 | 3,125.00 | 2308 | Citi | Chaberman |
| 3/5/2015 | 3,125.00 | 2346 | Citi | Chaberman |
| 3/13/2015 | 3,125.00 | 2323 | Citi | Chaberman |
| 3/20/2015 | 3,125.00 | 2329 | Citi | Chaberman |
| 3/27/2015 | 3,125.00 | 2332 | Citi | Chaberman |
| 4/17/2015 | 2,500.00 | 2377 | Citi | Chaberman |
| 5/1/2015 | 3,125.00 | 2390 | Citi | Chaberman |
| 5/6/2015 | 3,125.00 | 1160 | Citi | Chaberman |
| 5/8/2015 | 3,125.00 | 2370 | Citi | Chaberman |

**SCHEDULE 1 - INSIDER DISTRIBUTIONS**

| Date | Amount | Check No. | Account | Recipient |
|---:|---:|---:|---|---|
| 5/8/2015 | 1,000.00 | 1167 | Citi | Chaberman |
| 5/12/2015 | 1,125.00 | 1031 | BoA | Chaberman |
| 5/22/2015 | 3,125.00 | 2411 | Citi | Chaberman |
| 7/23/2015 | 2,000.00 | 1100 | BoA | Chaberman |
| | **207,520.99** | | | |